UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sebastiano Quagliato,

    Petitioner,

v.

Laurie Gidley,

    Respondent.

_____/

Case No. 16-cv-13407

Judith E. Levy
United States District Judge

Mag. Judge Stephanie Dawkins Davis

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

Petitioner, Sabastiano Quagliato, has filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner pled no contest in the Lapeer Circuit Court to one count of Owning Dangerous Animals Causing Death. MICH. COMP. LAWS 287.323(1). Petitioner was subsequently sentenced to 57 months to 15 years' imprisonment.

The petition raises three claims: (1) the trial court erred in allowing Petitioner to plead guilty when he is actually innocent in violation of Petitioner's due process rights; (2) the trial court erred in scoring the sentencing guidelines to reflect serious psychological harm to the victims where there was no evidence that the decedent's family members required professional treatment; and (3) Petitioner was denied the effective assistance of appellate counsel where his appellate attorney failed to raise his claims as federal claims during Petitioner's direct appeal.

The Court will summarily dismiss the petition without prejudice because Petitioner failed to exhaust his state court remedies. The Court will also deny a certificate of appealability and deny permission to appeal in forma pauperis.

I.

According to the allegations in the petition, Petitioner was prosecuted in Lapeer County when his two Cane Corso Mastiff dogs escaped their kennel and attacked a jogger passing his home. The jogger bled to death. Petitioner was initially charged with second-degree murder, but the parties later agreed to a plea bargain whereby

Petitioner pled no contest to the lesser charge of owning dangerous animals causing death. The parties also agreed that Petitioner's minimum sentence would not exceed more than six months of the recommended sentencing guideline range.

Petitioner asserts that on direct appeal his appellate counsel raised a single sentencing guideline claim, but he failed to assert—as he does in this case—that Petitioner's federal constitutional rights were violated by the scoring of the guidelines. The Michigan Court of Appeals denied relief by order dated February 22, 2016. *People v. Quagliato*, No. 331162 (Mich. Ct. App. Feb. 22, 2016).

Petitioner then filed a *pro se* application for leave to appeal in the Michigan Supreme Court and a supplemental brief, asserting what now form his three habeas claims. The Michigan Supreme Court denied the application by standard order. *People v. Quagliato*, No. 153443 (Mich. Sup. Ct. July 26, 2016).[1]

---

[1]See coa.courts.mi.gov/. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is also permitted to take judicial notice of another court's website. *See, e.g., Graham v. Smith*, 292 F. Supp. 2d 153, 155 n.2 (D. Me. 2003).

II.

Upon the filing of a habeas corpus petition, Rule 4 of the Rules Governing Section 2254 Cases provides that the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." If the Court determines that Petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

A federal court may not grant habeas relief to a state prisoner unless the prisoner first exhausts state remedies for his claims. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. *Boerckel*, 526 U.S. at 847. To properly exhaust state remedies, therefore, a habeas petitioner must present each of his federal issues to the state court of appeals and to the state supreme court before raising

4

the claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Exhaustion also requires a petitioner to "fairly present" his claims as federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's claims. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275-77 (1971)); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Accordingly, it is not enough for Petitioner to merely present all the facts necessary to support a federal claim without explicitly claiming that his federal constitutional rights were implicated. *See Anderson*, 459 U.S. at 6; *Harris v. Rees*, 794 F.2d 1168, 1174 (6th Cir. 1986); see also *Duncan*, 513 U.S. at 366 (mere similarity of claims is insufficient to exhaust).

Here, Petitioner admits that he did not present his second habeas claim to the Michigan Court of Appeals as a federal claim. Moreover, his first and third habeas claims were not presented to the Michigan Court of Appeals in any fashion. His subsequent presentation of all three of his federal claims to the Michigan Supreme Court alone did not

satisfy the exhaustion requirement. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

Under *Rose v. Lundy*, district courts are directed to dismiss petitions containing unexhausted claims without prejudice in order to allow petitioners to return to state court to exhaust remedies. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Petitioner has an available state court remedy. He may still file for state post-conviction review under Michigan Court Rule 6.501 *et seq*.

Finally, Petitioner is not in danger of running afoul of the one-year statute of limitations. The starting date is 90 days after the Michigan Supreme Court denied relief, or on October 24, 2016. *See* 28 U.S.C. § 2244(d)(1)(a).

Accordingly, the Court will dismiss the petition without prejudice because Petitioner has failed to exhaust his state court remedies.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires a district court to "issue or deny a certificate

of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability. The Court will also deny permission to appeal in forma pauperis because any appeal of this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## IV.

Accordingly, the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

The certificate of appealability and permission to appeal in forma pauperis is DENIED.

Dated: October 3, 2016       s/Judith E. Levy  
Ann Arbor, Michigan      JUDITH E. LEVY  
     United States District Judge

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 3, 2016.

                                        s/Felicia M. Moses
                                        FELICIA M. MOSES
                                        Case Manager